NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 03-1509 (DMC) |
| | : | |
| SPYDER WEB ENTERPRISES, LLC, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter having come before the Court upon motion by Defendant Spyder Web Enterprises, LLC for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of this Court's May 19, 2005 Order approving Plaintiff United States' request for proposed distribution of funds in accordance with the January 16, 2005 Consent Decree. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(g), no oral argument was heard. After carefully considering the submissions of Defendant, and based upon the following, it is the finding of this Court that Defendant's motion is **denied**.

I.    **Background**

On January 16, 2005, Plaintiff United States ("Plaintiff") and Defendant Spyder Web Enterprises ("Defendant") entered into a Consent Decree, establishing proposed methods of fund distribution by Defendant to a victims fund for the purpose of compensating subscribers to Defendant's website, known as "TheSublet.com" who may have suffered housing discrimination. (Consent Decree, January 16, 2005.) On May 19, 2005, the Court signed an

Order approving Plaintiff's request for proposed distribution of funds in accordance with the Consent Decree.  (Court Order, May 19, 2005).

On June 16, 2005, Defendant filed the present motion for reconsideration of the Court's Order.  On July 5, 2005, Plaintiff filed opposition to Defendant's motion.  Defendant filed its reply on July 13, 2005.

## II.    Legal Standard for Motions Seeking Reconsideration

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g).  See U.S. v. Compaction Sys. Corp. , 88 F.Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.).  A motion pursuant to Local Rule 7.1(g) may be granted only if 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice. Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(g) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  Rather, the rule permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995).  In other words, a motion for reconsideration is not an appeal.  It is improper on a motion for

reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

## III.   **Analysis of Defendant's Motion**

### A.   **Timeliness**

L. Civ. R. 7.1(g) imposes a strict time period of ten days within which a motion for reconsideration must be filed. This time period is measured from date of "entry of the order or judgment." L. Civ. R. 7.1(g). Here, the Court's Order was signed on May 19, 2005 and entered on the record on May 20, 2005. The computation of the ten day filing period for reconsideration does not include weekends and legal holidays. See Fed. R. Civ. P. 6(a). Even if this Court were to measure the ten day period from the latest possible date of May 20, 2005, Defendant would still have been required to file its motion for reconsideration by June 3, 2005. The present motion was filed on June 16, 2005; nine days late. On this ground alone, the Court holds that Defendant's motion for reconsideration must be **denied**. However, as discussed below, a substantive review of Defendant's motion also convinces this Court to deny the present motion.

### B.   **Consent Decree**

Although not entirely clear from its moving papers, Defendant appears to be asking the Court to review its approval of the January 16, 2005 Consent Decree, to which Defendant is a signatory. It should be noted that a consent decree, a particular form of settlement, carries a presumption of finality. Newark Branch, NAACP v. Township of West Orange. 786 F.Supp. 408, 422 (D.N.J.1992) (citations omitted). Moreover, consent decrees are judgments; thus, they are judicial acts, but also documents with attributes of a contract. Fox v. United States Dep't of Hous.

3

& Urban Dev., 680 F.2d 315, 319 (3d Cir.1982). Accordingly, the parties to a consent decree are presumed to have made a conscious, informed decision to settle their claims. In other words, signatories to a consent decree make "a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment." Id. at 322 (citation omitted).

In reviewing the Consent Decree approved on May 19, 2005, this Court came to the conclusion that it met the concerns of the parties in a fair and equitable manner. Defendant now claims "the portion of the Court order seeking to release $5,000.00 to the Housing Rights Center does not comport with the actual agreement between the parties." (See Cert. Of Joshua D. Levine, ¶10). It should be noted that Defendant had every opportunity to raise concerns or objections regarding the Consent Decree prior to its finalization. The fact that Defendant has now decided it is not happy with the terms of the agreement is not reason enough for this Court to determine the Consent Order should not have been entered.

In conclusion, this Court has carefully reviewed the present motion for reconsideration, as well as supporting and opposing documentation. No manifest errors of law or fact or newly discovered evidence have been found. Consequently, this Court finds no reason to change its earlier determination regarding entry of the Consent Decree. Accordingly, this motion for reconsideration is denied.

**IV.**   **Conclusion**

For the foregoing reasons, Defendant's motion for reconsideration is **denied**.  An Order

accompanies this Opinion.

DENNIS M. CAVANAUGH, U.S.D.J.

Date:        October 3, 2005
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

5